1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VICTORY ILSUNG,

11              Petitioner,                    No. 2:12-cv-1001 KJN P

12        vs.

13   RALPH M. DIAZ,[1]                         ORDER

14              Respondent.

15   _____/

16   I.  Introduction

17              Petitioner is a state prisoner, proceeding without counsel, with an application for

18   petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties consented to

19   proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

20              Pending before the court is respondent's motion to dismiss the pending habeas

21   petition as barred by the statute of limitations.  Respondent also claims the petition contains an

22   unexhausted claim.  For the reasons set forth below, respondent's motion is granted.

23   ////

24   _____

25        [1]  Ralph M. Diaz is the current Acting Warden of the California Substance Abuse
     Treatment Facility, and is substituted as respondent in place of Kathleen Allison.  Fed. R. Civ. P.
26   25(d).

II.  <u>Legal Standards</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

III.  <u>Chronology</u>

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On January 23, 2008, on retrial,[2] in the Sacramento County Superior Court, petitioner was convicted of attempted murder, mayhem, and corporal injury to a former

---

[2]  Petitioner's first conviction was reversed based on the finding that the trial court violated petitioner's due process right to represent himself at trial.  (LD 2.)

2

1   cohabitant.  (Respondent's Lodged Document ("LD") 1.)  The jury also found true allegations of

2   great bodily injury and personal use of a weapon, and petitioner admitted the prior strike.  (LD

3   1.)  On February 22, 2008, petitioner was sentenced to twenty-five years to life in state prison.

4   (LD 1.)

5          2.  Petitioner filed an appeal.  On December 31, 2009, the California Court of

6   Appeal, Third Appellate District, modified the sentence to reduce the domestic violence

7   enhancement from the five-year upper term to the four-year middle term, resulting in a total

8   sentence of twenty-four years to life, and to reduce the restitution fine and the stayed parole

9   revocation fine from $10,000 to $8,000.  (LD 2.)  The Court of Appeal affirmed the judgment as

10  modified.  (LD 2.)

11         3.  Petitioner filed a petition for review in the California Supreme Court, which

12  was denied without comment on March 10, 2010.  (LD 4.)

13         4.  On October 4, 2010,[3] petitioner filed a petition for writ of habeas corpus in the

14  California Supreme Court.  (LD 5.)  The petition was denied on April 13, 2011, citing see People

15  v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal.2d 300, 302 (1949).  (LD 6.)

16         5.  On April 11, 2012, pursuant to Rule 3(d) of the Federal Rules Governing

17  Section 2254 Cases, the instant action was constructively filed.  (Dkt. No. 1.)

18  IV.  Statutory Tolling

19         The California Supreme Court denied the petition for review on March 10, 2010.

20  Petitioner's conviction became final ninety days later, on June 8, 2010, when the time for seeking

21  certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157 (9th Cir.

22  1999).  The AEDPA statute of limitations period began to run the following day, on

23  ////

24

25         [3] Petitioner's state court habeas petition is given benefit of the mailbox rule.  See
    Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date
26  prisoner delivers it to prison authorities).

1    June 9, 2010.  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling,

2    petitioner's last day to file his federal petition was on June 8, 2011.

3              The limitations period ran from June 9, 2010, to October 4, 2010, when petitioner

4    filed his first petition for writ of habeas corpus.  Thus, of the one year statute of limitations

5    period, 117 days expired by October 4, 2010.  The statute of limitations period was then tolled

6    from October 4, 2010, through April 13, 2011, the date the petition for writ of habeas corpus was

7    denied.  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005).  On April 14, 2011, petitioner had

8    248 days left in the statute of limitations period, which ran on December 18, 2011.  However,

9    because December 18, 2011, was a Sunday, the limitations period expired on December 19,

10   2011.  <u>See</u> Fed. R. Civ. P. 6(a)(1)(C).

11             Petitioner did not file his federal petition until April 11, 2012, which was 114

12   days **after** the statute of limitations period expired.  Thus, absent equitable tolling, the instant

13   petition is time-barred.

14   V.  <u>Equitable Tolling</u>

15             Equitable tolling is available to toll the one-year statute of limitations available to

16   28 U.S.C. § 2254 habeas corpus cases.  <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010).  A

17   litigant seeking equitable tolling must establish:  (1) that he has been pursuing his rights

18   diligently; and (2) that some extraordinary circumstance stood in his way.  <u>Pace v. DiGuglielmo</u>,

19   544 U.S. 408, 418 (2005).  The Ninth Circuit has explained:

20           To apply the doctrine in "extraordinary circumstances" necessarily
             suggests the doctrine's rarity, and the requirement that
21           extraordinary circumstances "stood in his way" suggests that an
             external force must cause the untimeliness, rather than, as we have
22           said, merely "oversight, miscalculation or negligence on [the
             petitioner's] part, all of which would preclude the application of
23           equitable tolling.

24   <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted),

25   <u>cert. denied</u>, 130 S. Ct. 244 (2009); <u>see also</u> <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir.

26   2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's

1    burden to demonstrate he is entitled to equitable tolling.  Espinoza-Matthews v. People of the

2    State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

3              In his November 8, 2012 filing, petitioner argues that he has been diligent, but that

4    he is a "seriously suffering dialysis CDCR-Inmate ADA Patient," and that his diabetic

5    medication often causes petitioner to suffer low blood sugar, requiring petitioner to be sent out to

6    the medical center for observation and/or other medications, "stopping petitioner from

7    litigation."  (Dkt. No. 15 at 2.)

8              However, petitioner provided no facts or evidence to support these claims.  See

9    Alva v. Long, 2012 WL 4369656 (C.D. Cal. 2012) (petitioner failed to submit evidence

10   demonstrating any unusual medical condition during the period in question).  For example,

11   petitioner provided no medical records confirming his medical condition or the date he began

12   dialysis, and did not inform the court how many times per week he required dialysis, what time

13   he received dialysis, or how long his dialysis treatments lasted.  Petitioner did not provide the

14   dates of his dialysis so the court could determine whether the dialysis treatments impacted the

15   limitations period.  Similarly, petitioner did not provide the dates he was taken to the medical

16   center.  Absent such factual support, the court cannot find that petitioner is entitled to equitable

17   tolling for the relevant period.

18             Finally, petitioner argues that prison yard lockdowns affected petitioner's access

19   to the law library to do research and/or make copies, which delayed petitioner's ability to timely

20   access the court.  (Dkt. No. 15 at 2.)

21             Being on lockdown alone is not grounds for equitable tolling.  See Ramirez v.

22   Yates, 571 F.3d 998 (9th Cir. 2009) ("petitioner's four month stay in administrative segregation

23   with limited access to the law library and a copier did not justify equitable tolling because

24   "[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the

25   denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it

26   'impossible' for him to file his petition in a timely manner."); Frye v. Hickman, 273 F.3d 1144,

1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically

qualifies as grounds for equitable tolling); see also Nelson v. Sisto, 2012 WL 465443, at *6

(N.D. Cal. Feb. 13, 2012) (finding petitioner's allegations of prison lockdowns that lasted months

at a time, including one lockdown that lasted a year, were "nothing more than routine prison

circumstances that most habeas prisoners face and did not amount to extraordinary circumstances

or make it impossible for him to file on time."); Atkins v. Harris, 1999 WL 13719, at *2 (N.D.

Cal. Jan. 7, 1999) ("Petitioner's allegations of difficulty in gaining library access, prison

lockdowns, his lack of legal training . . . fail to meet the requisite extraordinary circumstances. . .

. Prisoners familiar with the routine restrictions of prison life must take such matters into

account when calculating when to file a federal petition.").

Thus, petitioner's claim that prison lockdowns entitle him to equitable tolling is

unavailing.

For the reasons discussed above, the undersigned finds that petitioner has not met

his burden of demonstrating the existence of grounds for equitable tolling.  See Pace, 544 U.S. at

418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza–Matthews

v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).  Rather, his claims for equitable tolling are

unsupported and vague.  Accordingly, petitioner is not entitled to equitable tolling and

respondent's motion to dismiss this action as barred by the statute of limitations is granted.

VI.  Exhaustion

Respondent contends that petitioner's fifth claim was not presented to the

California Supreme Court, and therefore the petition contains an unexhausted claim.  On

November 8, 2012, petitioner filed a motion to dismiss the unexhausted fifth claim.  (Dkt. No. 15

at 2.)  Good cause appearing, petitioner's motion to voluntarily dismiss the fifth claim is granted.

////

////

////

VII.  Conclusion

IT IS HEREBY ORDERED that:

1.  Petitioner's November 8, 2012 motion to dismiss claim five (dkt. no. 15) is granted;

2.  Respondent's June 28, 2012 motion to dismiss (dkt. no. 9) is granted, as the petition is time-barred; and

3.  The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED:  November 26, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ilsu1001.mtd

7